IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILFORD MACKEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  07-3263 |
| | ) | |
| JOSEPH LOFTUS, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Respondent's Motion to Dismiss (d/e 7).  For the reasons set forth below, the Motion is ALLOWED.

STATEMENT OF FACTS

On October 2, 1990, James Moore, an inmate at Pontiac Correctional Center (Pontiac), was stabbed and killed in the prison yard.  Petitioner Wilford Mackey was accused of aiding Evan Griffith in committing the homicide.  Mackey and Griffith were also prisoners at Pontiac.  Three other prisoners, Larry Nelson, Michael Marzette, and Bernie Cleveland, testified at Griffith's trial that Griffith committed the homicide and Mackey assisted him.  Griffith was convicted.  Thereafter, Mackey pleaded guilty to Armed

1

Criminal Violence in June 1992. Petition for Habeas Corpus (d/e 1), Appendix, People v. Mackey (Appellate Opinion), No. 4-03-0774, slip. op., at 1 (Ill. App. 4th Dist., March 10, 2006). Mackey did not admit that the state's evidence was correct, but agreed to plead guilty in light of the testimony of the three witnesses.

In February 2002, Nelson, Marzette, and Cleveland testified at a post-conviction proceeding for Griffith. All three men recanted their testimony at Griffith's trial. They claimed that prison officials pressured them into testifying against Griffith and Mackey. Mackey states that he learned about the recantations on June 29, 2003. Affidavits in Support of Motion (d/e 9), Appendix, Affidavit of Wilford Mackey, ¶ 1. On July 21, 2003, Mackey filed a successive state post-conviction petition based on this new evidence. The trial court held an evidentiary hearing and then denied the petition. The Illinois Appellate Court affirmed on March 10, 2006. Appellate Opinion, at 12. The Illinois Supreme Court denied the Petition for Leave to Appeal (PLA) on September 27, 2006. Motion to Dismiss (d/e 7), Exhibit C, Order Denying PLA.

On April 7, 2007, Mackey filed a § 2254 Petition with this Court. Mackey v. Ott, Case No. 07-3097. Mackey neither paid the filing fee nor

2

filed a petition to proceed in forma pauperis. Mackey's attorney states that he failed to send the filing fee to the Court for the § 2254 Petition in Case No. 07-3097, because of a mis-communication with his secretary. <u>Motion to Supplement the Record with a Personal Affidavit (d/e 10)</u>, Appendix, <u>Affidavit of Counsel Robert Markfield</u>. The Court dismissed this Petition on June 6, 2007; a copy of the docket sheet in Case No. 07-3097 is attached to this Opinion. Mackey filed this Petition, with the filing fee, on September 25, 2007. Respondent moves to dismiss on the grounds that this Petition is barred by the statute of limitations.

## ANALYSIS

Mackey had one year from the date on which the factual predicate of the claim could have been discovered, through the exercise of due diligence, to file his § 2254 Petition. 28 U.S.C. § 2244(d)(1)(D). The one-year statute of limitations was tolled during any time that a properly filed post-conviction proceeding was pending. 28 U.S.C. § 2244(d)(2). For purposes of the Motion, the Court assumes that on June 29, 2003, Mackey first learned the factual predicate of his claim that the state used perjured testimony to coerce him into pleading guilty. He filed his state post-conviction petition on July 21, 2003. The statute was then tolled on that

3

date. Thus, the statute ran for 22 days from June 29, 2003, to July 21, 2003, leaving 343 days.

The Illinois Supreme Court denied Mackey's Petition for Leave to Appeal (PLA) on September 27, 2006. The statute started running again on that date. Petitioner had 343 days to file his § 2254 Petition. Petitioner filed the instant Petition on September 25, 2007, 363 days later, after the statute had run.

The Court directed the parties to address the effect on the running of the statute by Mackey's § 2254 Petition filed in Case No. 07-3097, which was dismissed. Text Order entered May 13, 2008. The Respondent correctly noted that the earlier § 2254 Petition had no effect on the running of the statute because the statute only states that the pendency of a state post-conviction petition tolls the statute, not a federal § 2254 petition. Response (d/e 11), at 2, (citing Dolis v. Chambers, 454 F.3d 721, 723 (7th Cir. 2006)). Mackey concedes this point.

Mackey argues, however, that equitable tolling should apply to toll the statute. Equitable tolling may be available to toll the statute of limitations on § 2254 petitions. Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005). Equitable tolling may apply if exceptional circumstances beyond Mackey's

4

control kept him from filing a timely petition.  Id.  Mackey argues that exceptional circumstances exist here because his attorney failed to send the filing fee to the Court for the § 2254 Petition in Case No. 07-3097.  An error committed by one's own attorney is not an exceptional circumstance that warrants the application of equitable tolling.  Johnson v. McCaughtry, 265 F.3d 559, 565 (7th Cir. 2001); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999).  Equitable tolling does not apply.

Mackey also argues that he should be allowed to proceed because he has evidence that he is actually innocent.  He argues that in such cases, the statute of limitations does not apply.  However, the actual innocence doctrine applies to: (1) habeas claims that have been procedurally defaulted in state proceedings, or (2) requests for permission to file successive habeas petitions.  The doctrine does not apply to the statute of limitations.  Araujo, 435 F.3d at 680; Escamilla v. Jungwirth, 426 F.3d 868, 871-72 (7th Cir. 2005).  Mackey's claim is barred by the statute of limitations. The Motion to Dismiss is allowed.

THEREFORE, Respondent's Motion to Dismiss (d/e 7) is ALLOWED. The Petition for Habeas Corpus Relief (d/e 1) is dismissed.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  August 14, 2008

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE

33, CLOSED, HABEAS

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Springfield)
## CIVIL DOCKET FOR CASE #: 3:07-cv-03097-JES
### Internal Use Only

Mackey v. Ott  
Assigned to: Judge Jeanne E. Scott  
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 04/11/2007  
Date Terminated: 06/06/2007  
Jury Demand: None  
Nature of Suit: 530 Habeas Corpus (General)  
Jurisdiction: Federal Question

**Petitioner**

**Wilford Mackey**   represented by   **Robert Markfield**  
ILLINOIS APPELLATE DEFENDER  
Fourth Judicial District  
Suite 303  
400 W Monroe  
PO Box 5240  
Springfield , IL 62705-5240  
217-782-3654  
Fax: 217-524-2472  
Email: robert.markfield@osad.state.il.us  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Andy Ott**  
*Acting Warden, Graham Correctional Center*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/11/2007 | 1 | MOTION for Leave to Proceed in forma pauperis by Petitioner Wilford Mackey.Responses due by 4/30/2007 (CC, ilcd) (Entered: 04/12/2007) |
| 05/11/2007 | | TEXT ORDER: On April 11, 2007, Petitioner submitted a document entitled Petition for Writ of Habeas Corpus by a Person in State Custody (d/e 1) (Petition), but did not pay the filing fee. The Petitioner concluded the document by stating that he requested permission to file in forma pauperis and |

|  |  |  |
|---|---|---|
|  |  | would submit an application to proceed in forma pauperis as soon as the correctional institution completed his certificate of assets. Petition, at 15. Nothing has been filed since. The Petitioner is given until May 31, 2007, either: (1) to pay the $5.00 filing fee or (2) to submit appropriate documentation to establish that he should be allowed to proceed in forma pauperis; or else, this matter will be dismissed without prejudice.Entered by Judge Jeanne E. Scott on 5/11/2007. (MAS, ilcd) (Entered: 05/11/2007) |
| 06/06/2007 |  | TEXT ORDER: The Court gave the Petitioner until May 31, 2007, to pay the $5.00 filing fee or to submit appropriate documentation to establish that he should be allowed to proceed in forma pauperis. Text Order entered May 11, 2007. The Petitioner has done neither. This matter therefore is dismissed without prejudice for failure to pay the filing fee. All pending motions are denied as moot. This case is closed. Entered by Judge Jeanne E. Scott on 6/6/07. (CC, ilcd) (Entered: 06/06/2007) |
| 06/06/2007 | 2 | JUDGMENT entered dismissing case without prejudice for failure to pay the filing fee (CC, ilcd) (Entered: 06/06/2007) |